*Chittenden,*
*December,*
*1825.*

*Mack et al.*
*vs.*
*Snider.*

ZEBULON MACK and HENRY NOBLE, defendants below, *vs.* JONA-
THAN SNIDER, plaintiff below.—*IN ERROR.*

Where such facts do not appear of record, as show that a principle of law, upon which the party
specially requested the Court to charge the jury, became, and was material in the case, it is not
error, if the Court wholly omit to charge the jury upon the point requested.

THE bill of exceptions, which was tendered on the trial of
the issue in the Court below, and which became a part of the
record there, was as follows :—

Jonathan Snider,            }  *Chittenden county Court,*
         *vs.*              }  *Sept. Term, A. D.* 1823.
Zebulon Mack, *and* Henry Noble. }

This was an action of trover, for a yoke of *steers*, which had
been let by the plaintiff, to one *Nichols*, and which were sub-
sequently taken by said Noble, as a sheriff's deputy, by virtue
of an execution in favor of Mack, against said Nichols.   Testi-
mony was given to the jury on the trial, tending to show, that
the steers were the property of said Snider in *Nov.* 1820, and
that he let them to Nichols to be used for their keeping.

It was contended by the plaintiff, that, from the evidence it
was to be inferred, that the *letting* was not for any certain time,
and that he had a right to reclaim them whenever he chose.

On the part of the defendants, it was contended, that the
letting was for a time certain ; that Nichols had a right to hold
the steers for *two years and an half.*   The defendants gave in
evidence, a copy of an execution in favor of Mack, against
Nichols, by which it appeared, that the steers had been taken
and sold as Nichols's property ; and requested the Court to
give in charge to the jury, that if they found the steers had been
let to Nichols for any time certain, Mack had a right *to* take
them by virtue of his execution against Nichols.   But the
Court declined giving any opinion, and wholly neglected to
charge the jury on that point.   The jury returned a verdict for
the plaintiff for the value of the steers.   To which charge of
the Court, the defendants except.

         Examined and allowed in Court.
                    EZRA MEACH,          }
                    TRUMAN CHITTENDEN,   } *Judges.*
                    BURGESS HALL,        }

The errors assigned in the writ were, 1st. That it appears by
the proceedings aforesaid, that the said Mack and Noble request-
ed the said court to charge the jury upon a question of law
arising on the trial of said cause, material in the determination
thereof, and that said court neglected and refused to give the
said jury any direction relative to said point.

2dly. The common error.

*Adams*, for the plaintiff in error, rested his argument princi-
pally upon the *assumption* of the fact, that there was evidence
given to the jury tending to show, that the letting of the cattle

was for a time certain, insisting, that, in that case it was liable for the debts of the lessee, at least during the time of the letting; and he cited *Gordon vs. Harper*, 7 *Term Rep.* 9.

*Chittenden, December, 1825.*

*Mack et al, vs. Snider.*

*Thompson*, for the defendant in error, rose to reply, but was stopped by the Court, whose opinion was delivered by

SKINNER, Ch. J. There is nothing in this case about which we can hesitate a moment. The error complained of is, that the court refused, on request, to instruct the jury upon a point of law. From the record it appears, that no evidence was given to the jury, tending in the least degree, to prove the fact upon which the defendants below rested their defence, and to which the rule of law, requested to be given in charge to the jury, could be applied; and admitting the law to be as stated by the defendants, the court would have been illy employed, in instructing the jury upon abstract principles.

> Judgment must be affirmed, with six per cent. interest thereon as damages, and single costs only allowed.

*Chs. Adams*, attorney for the plaintiffs in error.

*J. C. Thompson* and *John M. Eldridge*, attorneys for the defendant in error.